[No. 11498.   Department Two.   January 8, 1914.]

JOHN L. CRAIB, *Respondent*, v. ANDREW PETERSON, *Appellant*.[1]

CONTRACTS—CONSTRUCTION—"PROFITS"—PERFORMANCE OR BREACH— MATURITY. Under a contract whereby a judgment creditor agreed to extend the time of payment of the debt for five months, in consideration of which the judgment debtor was to allow a third person to work his teams and grading outfit on a certain city job, at $3.50 per day for each team, less the cost of feed not to exceed $40 per month for each team, and less $75 per month for himself, and the third person agreed to pay on the judgment one-half the net "profits" earned on the job by said teams and outfit, less the sum of $75 per month for the services of the debtor and less certain interest charges, the same to be held until the completion of the job which completion should not extend beyond the period of five months, the word "profits" refers to the amount earned by the teams, less the feed bill and less $75 a month for the services of the debtor and the interest, and not to "profits" on the city job; and the payment matures and is due at the end of five months, although the city job was not completed at that time.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 8, 1913, upon findings in favor of the plaintiff, in an action for an accounting. Affirmed.

*Ballinger, Battle, Hulbert & Shorts* (*R. W. Capps*, of counsel), for appellant.

*Byers & Byers*, for respondent.

MOUNT, J.—The plaintiff brought this action for an accounting, under a contract entered into between the plaintiff and the defendant and John Kalberg.

It was alleged in the complaint that there was a sum of money due the plaintiff under the contract, and that the defendant had failed to account therefor. The defendant admitted the execution of the contract, but denied that there was any money due thereunder, and alleged another contract

[1]Reported in 137 Pac. 481.

executed on the same day between the defendant and a co-partnership, known as Kalberg & Brandon, which was part of the same transaction; that the plaintiff had notice and knowledge of the latter contract, and was bound thereby.

Upon the trial of the case, the lower court found in favor of the plaintiff and ordered an accounting. The defendant has appealed from that judgment.

The contract under which the plaintiff claims an accounting is admitted. It is as follows:

"Memorandum of Agreement, Between John L. Craib, party of the first part, John Kalberg, part of the second part, and Andrew Peterson, party of the third part, Witnesseth:

"That Whereas the said party of the first part has a claim against the party of the second part for $1,350 besides interest, and the said party of the second part and his partner Brandon are owners of certain teams and outfit and operate under the name of Kalberg & Brandon, and the said party of the third part has a contract from the city of Seattle for grading and curbing 26th avenue, south, in the city of Seattle under ordinance No. 26,830 District 2480, and it has been agreed by the parties hereto that said first party shall waive his right to enforce the collection of his claim at the present time and to extend the time for payment to on or before five months from date hereof, and said party of the third part shall work the teams and outfit of Kalberg & Brandon on his said job, working as many of the teams and as much of the time as it is practicable to work, at the daily wage of $3.50 per team and after deducting the keep of said teams not exceeding, however, the sum of $40 per month per team, and interest on amount due the State Bank of Seattle, said third party shall pay to the said first party one-half the net profits of said teams and outfit less the sum of $75 per month to be paid to the said Kalberg:

"Therefore, in consideration thereof and in payment of the portion of the profits and moneys the said first party hereby agrees and hereby does extend the time of the payment of his claim against the said second party, John Kalberg, to on or about five months from date hereof, said claim to bear interest from date to the maturity thereof at the legal rate.

"Said second party hereby authorizes and directs the said third party to pay to the said John L. Craib, one-half the net profits earned on the said 26th avenue, south, job by the teams and outfit of Kalberg & Brandon less the sum of $75 per month to be paid to the said party of the second party, and said second party hereby sells, assigns and transfers to the said first party one-half the net profits earned on the said 26th avenue, south, job by the teams and outfit of Kalberg & Brandon less the sum of $75 per month to be paid by the said second party, but the amount to be paid out of said net profits to said first party shall not exceed the sum of $1,350 and interest at the legal rate from the time the claim against said second party in favor of said first party matured.

"Said third party hereby agrees that he will work the teams and outfit of Kalberg & Brandon on said job whenever work is practicable and shall work as many teams as it is practicable to work and that he will pay one-half the net amount that is earned on said job by said teams and outfit less the sum of $75 per month, to the said first party not exceeding the sum of $1,350 and interest from the date of maturity of the claim against said second party and further agrees that the amounts to be deducted from the earnings of said team and outfit at the rate of $3.50 per day per team shall be the keep of said teams, not to exceed, however, $40 per month per team and interest on the loan of the State Bank of Seattle, which loan shall not exceed the sum of $18,-000; and further agrees that one-half the net profits on said teams and outfit less the sum of $75 per month and not exceeding the sum of $1,350 and interest shall be held by said third party until the completion of said contract, but the date of such completion shall not extend beyond the period of five months from the date hereof, and that at the completion of said contract the said portion of said profits shall be paid to said first party, but the sum so paid to said first party shall not exceed the sum of $1,350 and interest.

"Dated at Seattle, Washington, February 26th, 1912."

It is argued by the appellant that the action was prematurely brought; that the respondent was not entitled, by virtue of his contract and his knowledge of the contract between the appellant and Kalberg & Brandon, to an accounting, ex-

cept out of the net profits of the work which was to be done under the latter contract. Upon the trial of the case, the court was of the opinion that the contract sued upon was ambiguous, and therefore admitted oral evidence of the circumstances which gave rise to the contracts at the time they were entered into, for the purpose of determining the meaning of the contract sued upon.

It will be noticed that the contract above set out is between three independent parties. It appears from the evidence that, at the time these contracts were entered into, the respondent had secured a judgment against John Kalberg, of the partnership of Kalberg & Brandon, and was endeavoring to enforce collection thereof. All the property of Kalberg was held under a mortgage by the State Bank of Seattle. This property was of the value of about $40,000, and the bank's mortgage amounted to about $18,000. There were other creditors, and it was agreed between the parties to the contract that, if the respondent would cease endeavoring to force collection of the judgment against Kalberg, the appellant Peterson would assume the obligation. Consequently this contract was entered into. The respondent was named as party of the first part, Kalberg as party of the second part, and Peterson, the appellant, party of the third part. By the terms of the contract, the respondent, in consideration of waiving his right to enforce the collection of his claim and extending the time for payment five months from the date of the contract, agreed that Peterson should work certain teams, about twenty-five in number, belonging to the co-partnership of Kalberg & Brandon, at $3.50 per day per team, and after deducting the sum of $40 per month per team and interest on the amount due the State Bank, that Peterson, should pay to the respondent "one-half the net profits of said teams and outfit less the sum of $75 per month to be paid to the said Kalberg." Second party, Kalberg, agreed, in consideration of the extension of the time, that "one-half the net profits" earned by the teams, less the sums above

mentioned, to the extent of $1,350, should be paid to the respondent. The appellant in this case, under the terms of the contract, agreed that he would work the teams and would pay,

"one-half the net amount that is earned on said job by said teams and outfit less the sum of $75 per month, to the said first party, not exceeding the sum of $1,350 and interest from the date of maturity of the claim against said second party, and further agrees that the amounts to be deducted from the earnings of said teams and outfit at the rate of $3.50 per day per team shall be the keep of said teams, not to exceed, however, $40 per month per team and interest on the loan of the State Bank of Seattle, which loan shall not exceed the sum of $18,000; and further agrees that one-half the net profits on said teams and outfit, less the sum of $75 per month, and not exceeding the sum of $1,350 and interest, shall be held by said third party until the completion of said contract, but the date of such completion shall not extend beyond the period of five months from the date hereof  . . ."

Because of the use of the word "profits" in this contract, the trial court was evidently of the opinion that the contract was ambiguous, and therefore heard oral evidence to determine the real intention of the parties. The court concluded, after hearing the evidence, that the appellant, by the terms of this contract, had agreed to pay to the respondent one-half of the net profits on said teams which was earned by them, less the expenses thereof, not exceeding the sum of $1,350 and interest, and that this was payable in any event at the expiration of five months from the date of the contract. We are satisfied that the trial court decided correctly upon that question, whether we take the contract as it appears upon its face, or whether it is considered in connection with the evidence in the case. While the contract uses the words "one-half the net profits," it is plain, we think, that the net profits there referred to is the balance left after deducting the expenses of the teams at $40 per month per team and the $75 per month for Kalberg and the interest on the debt due to the State Bank. There is no reference in this contract to any

other contract, and it is not claimed that the respondent signed any other contract. It is true that, on the same day, another contract was entered into between Kalberg & Brandon and the appellant. That contract was one wherein Peterson took over a contract which had theretofore been entered into between the city of Seattle and Kalberg & Brandon as co-partners, wherein it was agreed that the appellant should use the teams of Kalberg & Brandon in performing work under the contract for the city. And it was agreed in that contract that $3.50 per day should be allowed for each team for each day's work, and that there should be deductions of $75 per month for Kalberg and interest on the money due the bank; and that the proceeds of the work of these teams should be held by the appellant until the contract was finally completed. And it was,

"Further agreed and understood that if said contract does not make sufficient money to pay the parties for the team work as herein mentioned, that then neither of the parties hereto shall receive any compensation for such team hire except such compensation as they may receive out of the profits of said contract after the payment of all other expenses."

But the respondent testified that he did not know the terms of that contract, and was not interested therein; that he agreed to extend the time of payment of the debt owing to him by Kalberg for five months, in consideration that Peterson would pay one-half of the net profits of the use of the teams upon his contract during that time. In other words, the respondent made it possible for the appellant to use the teams upon the work for that period of time in consideration that the appellant would pay the amount of his claim.

It is argued by the appellant that, because the work under the contract with the city has not yet been completed, therefore the action was prematurely brought. But the contract sued upon by which Peterson agrees to pay provides that the date of such completion of the contract shall not extend be-

yond the period of five months from the date thereof, which can mean nothing less than that Peterson agreed to pay whatever the net profits of the teams were at that date, notwithstanding the contract with the city had not been completed. The five months period had expired before the action was begun.

We are of the opinion that the contract itself is sufficient to sustain the order of the trial court. If the contract is ambiguous, the evidence in the case leads to the same conclusion. The cause, therefore, was not prematurely brought.

The judgment is affirmed.

Crow, C. J., Parker, Fullerton, and Morris, JJ., concur.